Filed 2/23/26  P. v. Lagarde CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB TIMOTHY LAGARDE,<br><br>    Defendant and Appellant. | B342370<br><br>(Los Angeles County<br>Super. Ct. No. NA093763) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

        Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jacob Timothy Lagarde appeals from a judgment entered after resentencing, contending the superior court erred by reimposing an upper term for an arson conviction rather than the middle term for that offense. We disagree and affirm.

## BACKGROUND

In 2015, a jury convicted Lagarde of willful and deliberate premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664; count 1), explosion with intent to murder (§ 18745; count 2), explosion causing mayhem or great bodily injury (§ 18755, subd. (b); count 3), arson of a structure (§ 451, subd. (c); count 4), and arson of the property of another (§ 451, subd. (d); counts 5 & 6), along with special allegations. Before sentencing, Lagarde admitted a prior strike conviction under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he had served two prior prison terms within the meaning of section 667.5, subdivision (b). The court sentenced Lagarde to an aggregate prison term of 39 years and eight months to life, which included the upper term of 12 years for arson of a structure (count 4) and two one-year enhancements for his prior prison terms.

In 2024, Lagarde moved for resentencing under section 1172.75. He requested, as pertinent here, that the court select the midterm for count 4 because no aggravating factors were proven at trial. The People objected to any reduction of the sentence beyond striking the two one-year prior-prison-term enhancements. The People urged no further reduction based on Lagarde's offense conduct (which involved him throwing a Molotov cocktail at the victim, causing the victim to suffer second and third degree burns resulting in a seven-month hospital stay and numerous surgeries), and Lagarde's criminal history (which included a 2003 robbery

---

[1] Undesignated statutory references are to the Penal Code.

2

where the victim was repeatedly punched and kicked, a 2012 assault where Lagarde punched a law enforcement officer until the officer lost consciousness, a 2015 battery where he gassed his victim, a 2016 assault where Lagarde stomped a cellmate's head until the victim was unconscious, and an October 2017 assault on another inmate).

The court conducted a full resentencing. It noted the heinousness of offenses at issue and that after those offenses Lagarde was convicted of assault while in prison. The court struck the two one-year priors as required by section 1172.75. Stating it was "fully aware of all of its discretionary powers and considering all the factors in mitigation cited by the defense as well as the case law and code sections," the court determined "that any further reduction in [Lagarde]'s sentence would be an extreme risk to public safety" because Lagarde remained "a danger to public safety." The court resentenced Lagard to 37 years and eight months to life.

Lagarde timely appealed.

## DISCUSSION

Lagarde contends the court erred in not resentencing him to the middle term for count 4. He argues the court failed to apply section 1170, subdivision (b)(2), which allows imposition of the upper term only where aggravating circumstances supporting such a term are either stipulated or proven beyond a reasonable doubt to a trier of fact. Although subdivision (d)(2) of section 1172.75 generally requires the court to apply such a stipulation or proof, subdivision (d)(4) specifically excepts the new criteria from cases where the court originally imposed the upper term.

In 2022, seven years after Lagarde's 2015 sentencing, the Legislature enacted section 1172.75, providing a resentencing procedure that eliminates sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses. (Stats. 2021, ch. 728, § 3.) If the sentence, as here, includes such an

enhancement, the trial court is required to recall the sentence and resentence the defendant *ab initio*. (§ 1172.75, subd. (c).)

Under subdivision (d)(2) of section 1172.75, in resentencing a defendant the court must apply all ameliorative changes in the law. Subdivision (d)(2) of section 1172.75 " ' "requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." ' " (*People v. Grajeda* (2025) 111 Cal.App.5th 829, 836.)

When Lagarde was originally sentenced, section 1170, subdivision (b) granted trial courts "broad discretion" to choose between the lower, middle, and upper terms. (See § 1170, former subd. (b), enacted by Sen. Bill No. 40 (2007-2008 Reg. Sess.); Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007; *People v. Lynch* (2024) 16 Cal.5th 730, 747-748.) The statute did not require any particular aggravating facts to justify imposition of the upper term nor that the aggravating facts be stipulated to or found by the trier of fact. (See *People v. Lynch*, *supra*, at p. 747.)

In 2022, the Legislature made ameliorative changes by amending section 1170, subdivision (b). As amended, section 1170, subdivision (b) provides that the trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); *People v. Lynch*, *supra*, 16 Cal.5th at p. 748; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466.) Where a trial court violates amended section 1170, subdivision (b) by relying on unproven aggravating facts to impose an upper term sentence, the sentence also violates the Sixth Amendment. (*People v. Lynch*, *supra*, at p. 760.)

4

Absent language to the contrary in section 1172.75, section 1170, subdivision (b)'s new fact-finding requirement would apply to Lagarde's resentencing not only because subdivision (d)(2) of section 1172.75 directs the resentencing court to apply ameliorative changes in the law but because we presume that the Legislature intends ameliorative changes to apply in all cases that are nonfinal, including cases which became nonfinal due to resentencing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 162-163.)

Subdivision (d)(4) of section 1172.75, however, provides an exception to the new factfinding requirements. It states: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid.*, italics added.) In *Brannon-Thompson*, our colleagues in the Third District held that subdivision (d)(2) of section 1172.75 unambiguously permits a resentencing court to reimpose an upper term—without heightened factfinding—if it imposed the term originally. (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 466.) "[T]the new burden of proof amendments to section 1170, subdivision (b), apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at pp. 466-467.)

Here, the trial court reimposed the upper term sentence imposed in 2010. Thus, pursuant to subdivision (d)(4) of section 1172.75, the court had no obligation to apply the 2022 heightened factfinding requirement in section 1170, subdivision (b).

Lagarde urges us to reject the reasoning of *Brannon-Thompson* in favor of the Sixth District's decision in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330, which expressly

5

disagreed with *Brannon-Thompson*. In *Gonzalez*, the court reversed the reimposition of an upper term sentence under section 1172.75 because the resentencing court had not complied with the amended section 1170, subdivision (b).

The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*People v. Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329.) The court stated, however, that "another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Id*. at p. 329.) Under this interpretation, only a defendant originally sentenced to the upper term would be eligible to be resentenced to the upper term, but even then, the court could not impose the upper term sentence without proof of aggravating factors beyond a reasonable doubt. (*Ibid*.) The *Gonzalez* court found this interpretation was necessary to avoid a Sixth Amendment violation under *Lynch*, which held that under amended section 1170, subdivision (b), " 'a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence.' " (*Gonzalez, supra*, at p. 330.)[2]

We disagree with *Gonzalez*. As a preliminary matter, the construction of subdivision (d)(4) of section 1172.75 that *Gonzalez* advances is inconsistent with the provision's wording and

---

[2] Our Supreme Court recently granted a petition for review that presents the question over which *Brannon-Thompson* and *Gonzalez* split. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

6

grammatical structure. *Gonzalez* reads the first clause of the subdivision as though it is appended to the end of the provision by the conjunction "and." But the first clause of the subdivision begins with the word "unless"—a subordinating conjunction that signals an exception—and the clause appears at the beginning of the provision set off by a comma, indicating that it modifies the text that follows.

Moreover, it is unnecessary to look beyond the plain meaning of subdivision (d)(4) of section 1172.75 because no Sixth Amendment violation threatens here. When Lagarde was sentenced in 2015 the prior version of section 1170 granted the trial court broad discretion to select any of three applicable prison terms. As *Lynch* explained, under that sentencing scheme there was no requirement to find a particular fact to justify imposition of the upper term sentence. (*People v. Lynch, supra*, 16 Cal.5th at p. 747; see *Cunningham v. California* (2007) 549 U.S. 270, 294 [127 S.Ct. 856, 166 L.Ed.2d 856] [" 'everyone agrees' " this sentencing scheme "encounters no Sixth Amendment shoal"].) Where the resentencing court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in additional factfinding under subdivision (d)(4) of section 1172.75. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 373-374, review granted Aug. 13, 2025, S291628.)

This is so because the Legislature is free to "write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all," and may "disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated." (*People v. Padilla, supra*, 13 Cal.5th at p. 162.) "Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an

upper term." (*People v. Mathis*, *supra*, 111 Cal.App.5th at p. 374, review granted.)

During Lagarde's resentencing proceeding, the trial court permissibly elected to retain the upper term sentence previously imposed under a sentencing scheme that was fully consistent with his Sixth Amendment right to a jury trial. We thus decline Hedman's invitation to discount *Brannon-Thompson* in favor of *Gonzalez*.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.


8